IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| DOUGLAS PHILLIP HEFEL, ) | |
| SHEILA KAY HEFEL, ) | Bankruptcy No. 10-02787 |
| ) | |
| Debtors. | |

### ORDER RE: TRUSTEE'S MOTION TO COMPROMISE

This matter came before the undersigned on August 26, 2011 for hearing on Trustee's Motion to Compromise. Trustee Sheryl Schnittjer was represented by Attorney Eric Lam. Attorney Brian Kane appeared for Westgate Communities, LLC. Attorneys Peter Arling and Chad Leitch appeared for DuTrac Community Credit Union. Attorney John Schmillen appeared for the U.S. Trustee. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

### STATEMENT OF THE CASE

Trustee seeks approval of a compromise with Debtors paying cash and Westgate Communities, LLC withdrawing its proof of claim, all in exchange for Trustee abandoning any interest in various closely-held corporations. DuTrac Community Credit Union objects, asserting creditors would receive more benefit if Trustee dissolved Westgate Communities, LLC and sold the assets. The U.S. Trustee questions whether the bankruptcy estate could afford the expense of litigation associated with DuTrac's alternative. Trustee believes the compromise she proposes is in the best interests of the bankruptcy estate.

### FINDINGS OF FACT

Debtor Douglas Hefel owns a 50% interest in Westgate Communities, LLC ("Westgate"). The other member of Westgate is Terry Hefel, Douglas' brother, who also owns a 50% interest. Westgate owns apartment buildings in Cedar Rapids valued at $3.5 million, according to a 10-year old appraisal. Westgate's real estate secures a debt owed to DuTrac of approximately $976,067.

DuTrac filed an unsecured claim in this bankruptcy case of $750,662.50 arising out of deficiency judgments from foreclosure actions in Dubuque County and Jackson County. The only other claims filed in this case are an unsecured claim asserted by Westgate in the amount of $145,214.62, and a priority claim filed by the Iowa Department of Revenue of $5,965.

Trustee's Motion to Compromise (with Debtors) ("Compromise") proposes to abandon the bankruptcy estate's interest in Westgate and other closely-owned entities back to Debtors in exchange for a cash payment of $125,000, plus withdrawal of Westgate's unsecured claim and dismissal of a pending appeal regarding Debtors' exemption rights. She calculates this will bring unsecured creditors, i.e. DuTrac, a distribution of 9.75% of its unsecured claim. The estimated proposed distribution in Trustee's Exhibit 18 shows DuTrac would receive $73,186.67 on its total claim of $750,661.50.

Trustee emphasizes that Debtors' cash payment through the compromise is 100% certain, compared to DuTrac's proposal which would involve uncertainty, and the possibility of protracted and expensive litigation and appeals. In addition, Debtors recently appealed the U.S. District Court's ruling affirming this Court's decision regarding Debtors right to exempt their interests in the closely-owned entities to the Eighth Circuit. Trustee notes this adds to the uncertainty and expense which could be avoided by the approval of the Compromise.

DuTrac suggests that Trustee should retain the estate's rights in Westgate and seek judicial dissolution of it under Iowa law. If Trustee dissolved Westgate, DuTrac would offer $1,500,000 for its assets, which it calculates would give unsecured claims in this bankruptcy case, i.e. its claim and Westgate's claim, a distribution of 15.6%. See DuTrac's Brief, Doc. 127, at p. 16. In addition, DuTrac would own the apartment complex, which, if valued at $3.5 million, would actually give it a return of 218% on its unsecured claim. Or, if a third party bid that value for the apartment complex, DuTrac could receive 100% of its claim.

DuTrac argues that judicial dissolution of Westgate is supported by law and would not be difficult. It asserts that any expense and delay would be offset by the additional benefit to the estate. DuTrac believes approval of Trustee's proposed compromise would result in a windfall to Debtors.

Trustee attempted to buy Terry Hefel's interest in Westgate, but Mr. Hefel rejected the offer. Trustee and DuTrac also negotiated for DuTrac to buy the estate's interest in Westgate. DuTrac withdrew an offer after it became aware of transfer restrictions in Westgate's Operating Agreement, which is set out in Trustee's Exhibit 7. Counsel for Westgate stated at the hearing that it is Westgate's position that Trustee possesses only the economic rights associated with Debtor's 50% membership in Westgate, but not any rights regarding management or control of the LLC. It prefers that the Court approve Trustee's Compromise so it can avoid being drawn into litigation regarding judicial dissolution.

## CONCLUSIONS OF LAW

Trustee seeks approval of the Compromise with Debtors pursuant to Rule 9019. Approval of a settlement or compromise will not be set aside unless there is plain error or abuse of discretion. Tri-State Financial, LLC v. Lovald, 525 F.3d 649, 654 (8th Cir. 2008).

> The standard for evaluation of a settlement "is whether the settlement is fair and equitable and in the best interests of the estate." A settlement is not required to constitute "the best result obtainable." Rather, the court need only . . . determine that the settlement does not fall below the lowest point in the range of reasonableness.

Id. (citations omitted). The bankruptcy court considers the following factors in assessing the reasonableness of a settlement:

> (A) the probability of success in the litigation;
> (B) the difficulties, if any to be encountered in the matter of collection;
> (C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises

Id.

When reviewing the probability of success and the complexity of the litigation, it is unnecessary for the court to conduct a mini-trial on the merits. In re Cajun Elec. Power Co-op., Inc., 119 F.3d 349, 356 (5th Cir. 1997); In re Key3Media

Group, Inc., 336 B.R. 87, 93 (Bankr. D. Del. 2005).  "Rather, the court need only canvass the issues to determine that the settlement does not fall below the lowest point in the range of reasonableness."  In re Martin, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997).

A proposed compromise must be approved or disapproved as presented.  In re Trism, Inc., 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002).  Bound by a duty to creditors to collect assets, liquidate them and close the estate expeditiously, the trustee has discretion in selling estate property.  In re Nangle, 288 B.R. 213, 219 (B.A.P. 8th Cir. 2003).  "So long as the trustee acts reasonably, in the best interest of creditors and the estate, and obtains fair value for property under the circumstances of the case, the trustee's choice of disposition will be respected."  Id. "Compromise is favored by the law." Trism, 282 B.R. at 668.  It is "an art, not a science."  Nangle, 288 B.R. at 220.

## CANVASS OF LIMITED LIABILITY COMPANY LAW

Trustee characterizes the state of the law regarding her ability to have Westgate judicially dissolved as uncertain.  In contrast, DuTrac asserts that the deadlock between Trustee, in Debtor's shoes as member of Westgate, and Terry Hefel, the other 50% owner, constitutes grounds for judicial dissolution.  The Court has reviewed the authorities cited in the parties' briefs and conducted its own research to canvass the applicable law.

Iowa Code chapter 489 contains the "Revised Uniform Limited Liability Company Act" which became effective January 1, 2009.  Section 489.701(1) sets out the grounds for judicial dissolution on application by a member, including that "[i]t is not reasonably practicable to carry on the company's activities."  Iowa Code § 489.701(1)(d)(2).  The Court also notes that section 489.602(7)(a) states a person is dissociated as a member from an LLC when the person becomes a debtor in bankruptcy.  This is known as an ipso facto clause in bankruptcy.  No courts have considered the provisions of Iowa's Revised Uniform Limited Liability Company Act.

One court has noted, "there is no prevailing interpretation" of the term "not reasonably practicable" in relation to dissolution of limited liability companies. Kirksey v. Grohmann, 754 N.W.2d 825, 828 (S.D. 2008) (finding deadlock impedes continued functioning of the business of the LLC).  A treatise on LLCs states "[t]he

4

reach of deadlock as a trigger for involuntary dissolution in a LLC is difficult to ascertain." O'Neal, F. Hodge & Robert B. Thompson, 1 Close Corporations and LLCs: Law and Practice § 5.24 (Rev. 3d ed. 2011) (noting some states, unlike Iowa, include deadlock as a reason authorizing judicial dissolution).

Another court states: "A law professor could fruitfully spend the next year or so examining the implications that the Bankruptcy Code has on ipso facto clauses in alternative entity agreements." Milford Power Co., LLC v. PDC Milford Power, LLC, 866 A.2d 738, 756 (Del. Super. 2004) (finding an LLC's member which was a debtor in bankruptcy had been divested of its right to participate in management and only retained the economic rights of a transferee). A treatise notes that bankruptcy courts are split in determining whether the Code overrides contractual or statutory elimination of rights of an LLC member through ipso facto clauses. Madison, Michael T. et al, The Law of Real Estate Financing § 13:37 (2011).

## ANALYSIS

The Court is presented with two possible scenarios – one by Trustee pursuant to the Compromise with Debtors and the other by DuTrac, Debtors' major unsecured creditor. It must determine whether Trustee's proposed Compromise is reasonable, with the main focus on the probability of success and the complexity, expense and delay attendant to possible litigation if the Compromise is not approved. There is no allegation or evidence that collection pursuant to the Compromise will be a problem. DuTrac and Westgate are the only affected creditors. Westgate itself wishes to avoid the expense and delay of litigation. As to deference to DuTrac's view, if the Court finds Trustee's proposal is reasonable, it must likewise, of necessity, find DuTrac's is not.

Already in this case, Debtors' claims of exemptions have led to fairly complex litigation, with this Court's ruling being appealed to the U.S. District Court's, which Debtors recently appealed to the Eighth Circuit Court of Appeals. This issue would be put to rest pursuant to Trustee's Compromise with Debtors, as would the validity of Westgate's claim in this case. The main focus for the Court, however, is the possible litigation regarding Trustee's status as a member of Westgate and the possibility of judicial dissolution of the LLC.

As noted in the Court's canvass of the law, commentators as well as judges have noted the unsettled nature of the relevant law. No court has considered the

Case 10-02787    Doc 133    Filed 09/19/11    Entered 09/19/11 14:13:25    Desc Main
          Document      Page 6 of 6

relevant Iowa Code sections.   Cases in other jurisdictions are contradictory and likely distinguishable based on the language of the relevant statutes.   For every case supporting DuTrac's view, another case can be found which rejects it.   The complexity of potential litigation is evident in that there are questions regarding the extent of Trustee's authority to act as a member of Westgate as well as regarding the availability of the remedy of judicial dissolution in these circumstances.

Also relevant is the fact that Terry Hefel and Westgate have indicated that they are not amenable to DuTrac's proposal to dissolve the LLC and sell the assets. This makes it more likely that the expense, inconvenience and delay attendant to litigation will be substantial.   The Court also notes that Trustee's proposed Compromise makes sure that the bankruptcy estate receives something for Debtor's interest in Westgate, which is still in doubt in light of the appeal to the Eighth Circuit regarding Debtors' claim that the interest is exempt.

Based on the circumstances, in light of the facts and the relevant law, the Court concludes that Trustee's Compromise with Debtors should be approved.   The complexity, expense and delay of litigation regarding Trustee's membership rights in and judicial dissolution of Westgate appear to be substantial.   The Compromise is within the range of reasonableness and is in the best interests of creditors and the estate.   DuTrac's proposal is less reasonable in light of the lack of certainty regarding success on the merits of potential litigation.   Overall, Trustee's Compromise gives creditors immediate and tangible benefits compared to the alternative.

**WHEREFORE**, Trustee's Motion to Compromise is GRANTED.

Dated and Entered: September 19, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

6